The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Berger and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award except for minor modifications. Accordingly, the Opinion and Award of Deputy Commissioner Berger is affirmed, with minor modifications.
* * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing as:
STIPULATIONS
All stipulations contained in the Pre-Trial Agreement are received into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On June 11, 1995, plaintiff was employed by the defendant-employer as a supervisor. Plaintiff's job duties include waiting on customers, operating a cash register and doing paperwork.
2. On June 11, 1995, plaintiff almost collided with co-worker Joyce Brantley who had turned around to pick up an order of food at the kitchen counter. As a result of her effort to avoid a collision with Ms. Brantley, plaintiff fell down on to the concrete floor and landed in a seated position. Plaintiff fell directly on her rear end. She experienced pain in her buttocks and was unable to get up from the floor immediately. The impact between plaintiff's buttocks and the concrete floor caused a sound like a loud thump. The Full Commission does not accept as credible the testimony of Betty Jo Kenny Williams to the effect that plaintiff sat down rather than fell down and landed in a seated position. Her testimony is contradictory. She first testified: "And at that time, when Ms. Best had fell (sic). . . ." Later she testified: "I saw her when she sat down on the floor and that's the truth."
3. After work, plaintiff sought medical treatment from orthopedist, Dr. Vanden Bosch. Plaintiff was experiencing pain radiating into her right leg. Dr. Vanden Bosch began a course of treatment that included administering cortisone shots, prescribing anti-inflammatory drugs and limiting plaintiff's activities. Eventually plaintiff's pain spread to both of her legs. Dr. Vanden Bosch eventually recommended that plaintiff undergo a decompression laminectomy. Plaintiff has been unable to receive this surgery because of an inability to pay.
4. An August 1995 MRI revealed that plaintiff had a pre-existing degenerative disk disease at the L5-S1 region as well as a small disc herniation.
5. The June 11, 1995 work-related fall, caused or aggravated the back injury treated by Dr. Vanden Bosch.
6. As a result of the June 11, 1995 work-related fall, plaintiff has been unable to earn any wages since June 11, 1995.
7. Plaintiff has not reached maximum medical improvement with regard to her back condition.
8. A myelogram and a post-myelogram CAT scan are reasonably necessary to determine whether plaintiff needs a decompression. These tests are reasonably necessary to effect a cure, relieve pain and/or lessen plaintiff's disability.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On June 11, 1995, plaintiff sustained an injury by accident arising out of and in the course of her employment with the defendant-employer when she injured her lower back in the work assigned. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to temporary total disability compensation at a rate of $200.10 per week beginning June 11, 1995 to the present and continuing. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to have the defendants provide all medical treatment arising from this injury by accident to the extent it tends or tended to effect a cure, give relief, or lessen plaintiff's disability. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay to the plaintiff temporary total disability compensation at a rate of $200.10 per week beginning June 11, 1995 to the present and continuing until further order of the Industrial Commission. A portion of this amount has accrued and shall be paid in a lump sum to the plaintiff subject to the attorney's fee approved below.
2. Plaintiff's claim for permanent partial disability, if any, is RESERVED.
3. Defendant shall pay all medical expenses incurred or to be incurred for the treatment of plaintiff's lower back injury resulting from the June 11, 1995 injury by accident. In addition, defendants shall compensate the plaintiff directly for all out of pocket medical expenses incurred by plaintiff as a result of the June 11, 1995 injury by accident.
4. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid as follows: Twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel. Thereafter, every fourth check shall be sent directly to counsel for the plaintiff.
5. Defendant shall pay an expert witness fee in the amount of $215.00 to Dr. Vanden Bosch.
6. Defendant shall pay the costs.
 S/ _____________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _________________ LAURA K. MAVRETIC COMMISSIONER